SINGER SEWING MACH. CO. v. INDEPENDENT WAIST BAND MFG. CO.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

SALES (§ 456*)—SALE DISTINGUISHED FROM LEASE.

　　Under an instrument providing that the parties executing it thereby rented from a sewing machine company certain sewing machines of an agreed valuation, for the use of which they agreed to pay rent as specified, and that they might at any time within the rental term purchase them by paying the agreed valuation, with a deduction for the rent theretofore paid, but expressly providing that "no agreement of sale of said chattels is implied hereby, and no sale of said chattels to us shall be valid, without consent of the said company," the company could not, on a default in the payment of rent, elect to treat the transaction as a sale, and sue for the value of the machines as for goods sold and delivered; the instrument being merely a lease, and not even a conditional sale.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1327–1331; Dec. Dig. § 456.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Singer Sewing Machine Company against the Independent Waist Band Manufacturing Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Lewis A. Rosen, of New York City, for appellant.

Benjamin L. Brandner, of New York City (George Hahn, of New York City, of counsel), for respondent.

GUY, J. The complaint in this action alleges that on or about July 23, 1912, the plaintiff sold and delivered to the defendant at its request certain goods, wares, and merchandise, of the value of $394.67, which was the sum defendant agreed to pay therefor, and which was the reasonable value thereof; that no part of the same had been paid,

excepting $150.47, and also a credit of $25, making a total of $175.47, leaving due the plaintiff the sum of $219.20, for which it demanded judgment. The answer denied the sale of the goods, but admits payment to the plaintiff of the sum of $175.47.

Upon the trial, the only witness sworn was an employé of the plaintiff, who testified to a sale by it to the defendant of four sewing machines, of the value of $394.67, and giving defendant a credit of $175.47, and also testified to a demand for the balance due. Upon cross-examination of this witness it was shown that the agreement between the parties relative to the machines was embodied in a written instrument, which was offered and received in evidence, and which reads as follows:

### "Singer Sewing Machine Company Lease.

"This certifies that we, Independent Waist Band Mfg. Co., now residing at, Morris Miodownick, Pres., 1 East 111th St., N. Y. City, Abraham Miodownick, Treas. & Sec., 132 Nassau St., N. Y. City, and doing business at 134 Prince St., New York City, have rented and received from the Singer Sewing Machine Company (whose corporate existence for all purposes is hereby admitted) and hereinafter called the Company, through its office at 561 and 563 Broadway, Manhattan, city and state of New York, the following chattels, to wit: 3 class 71—10 machines, Nos. W15015, W15032, and D1166768, less 3 old machines; 1 class 95—1 machine, No. G1892077—with all apparatus belonging thereto, all in good order and valued at three hundred ninety-four and 67/100 dollars, which we are to use with care and keep in like good order, and for the use of which we agree to pay rent as follows: One hundred twenty-three and 34/100 dollars, ten dollars paid July 3, 1912, one hundred thirteen and 34/100 dollars paid July 20, 1912—on the delivery of this agreement, the receipt whereof is hereby acknowledged and accepted as payment for the rent of the first month only, and then at the rate of twenty-seven and 13/100 dollars per month, payable in advance, on the 23d day of each and every month thereafter, at the aforesaid office of said Company, without notice or demand. And it is further agreed that if we shall make default in any of the said payments, or in any covenant hereof, or if we shall sell, offer to sell, secrete, pledge, mortgage, store, lease, or remove the said chattels from our aforesaid place of business, or permit or attempt to do any of said acts, or if said chattels should be subject to any levy by any officer, or come into the possession of any other person without the written consent of said Company, or if it should deem itself insecure, then, or in any of the said several events, or af the expiration of any period for which rent has been paid, we will return and deliver said chattels to the said Company, without legal process or demand, in good order. And we do hereby authorize and empower said Company, or its agents, to enter any premises where said chattels may be and take and carry the same away without legal process, hereby waiving any action for trespass or damages therefor, and waiving all rights of residence, homestead, exemptions, and all rights under any laws heretofore passed or which may hereafter be passed requiring any public sale of said chattels in the event of repossession thereof by the said Company, and hereby agreeing that all rent paid shall belong absolutely to the said Company, as compensation for the use thereof, any law to the contrary thereof notwithstanding. No agreement of sale of said chattels is implied hereby, and no sale of said chattels to us shall be valid without the written consent of the said Company. In case of damage by fire, water, theft, or other causes, we hereby agree to pay to the said Company the value of said chattels. The consent of the said Company in one or more instances shall not be deemed a waiver of future consents of the conditions herein, but the consents shall be required in every instance. And it is expressly understood and agreed that the acceptance of payments by the said Company after any default hereunder on our part shall not be deemed a waiver thereof. And it is further agreed that we may at any

.time within said rental term purchase the said chattels and apparatus by paying the above valuation therefor, providing the terms and provisions have been punctually complied with, and then, and in that case only, the rent theretofore paid shall be deducted therefrom. In witness whereof, we have hereunto set our hand this 23d day of July, 1912.

"Indep. W. B. Mfg. Co., by M. Miodownick, Pres.

"Witness: Harris W. Slater.

"Notice to parties signing this lease.—Read the terms of this lease before signing it, as no statement, agreement, or understanding, verbal or written, not contained herein, will be recognized by us.

"Singer Sewing Machine Company."

It will be observed that there is nothing in this instrument that constitutes a sale of the goods to the defendant. It is merely a lease, and the defendant is only liable for the rent accrued. It is not even a conditional sale. The agreement expressly declares that:

"No agreement of sale of said chattels is implied hereby, and no sale of said chattels to us shall be valid without the written consent of said company."

The defendant has an option to purchase the property within the rental period, and to have applied on the valuation given the amount of rent paid. Respondent's attorney says in his brief that the plaintiff "leased" to the defendant four sewing machines, but "claims that it has a right at any time to disaffirm the lease and sue for goods sold and delivered." No such right is given in the lease, and the parties are bound by its terms. Undoubtedly an action will lie for accrued rent, or for conversion, after demand and refusal to return the property; but no action lies for goods sold and delivered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.